**EXHIBIT 1**

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SEAN S. COUGHLIN, an individual, | No. |
| Plaintiff, | |
| v. | COMPLAINT |
| RSM US LLP, an Iowa limited liability partnership, | |
| Defendant. | |

COMES NOW the Plaintiff, SEAN S. COUGHLIN, by and through his attorneys, and alleges as follows:

## I.   PARTIES

1.      Plaintiff Sean S. Coughlin is a permanent resident of the State of Washington.

2.      Defendant RSM US LLP ("RSM") is an Iowa limited liability partnership with its principal office in Minneapolis, Minnesota.  Its local registered agent is Corporation Service Company, located at 300 Deschutes Way Southwest, Suite 208 MC-CSC1, Tumwater, Washington, 98501.

3.      This Court has personal jurisdiction over RSM as it does business in the State of Washington and substantial portion of the events giving rise to this action arose in King County, Washington.

COMPLAINT - 1

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

4.      King County Superior Court at Seattle is the proper venue pursuant to RCW 4.12.025(1)(a) and LCR 82.

## IV.     FACTUAL BACKGROUND

5.      RSM is an audit, tax, and consulting firm that provides financial advice and services to middle market businesses.

6.      Plaintiff began working for RSM as a Business Development Director (BDD) for the Pacific Northwest market in February 2014.  At the time Plaintiff was hired, he was 53 years old.

7.      As a BDD, Plaintiff's primary job duty was to sell RSM services to customers in his sales region.  Plaintiff's job performance was substantially measured by his sales metrics.

8.      Once Plaintiff developed his book of business, he became one of the top performing BDDs in the "West"—meaning the West Coast plus Arizona and Nevada.  (At the time of Plaintiff's termination, he was the number two BDD in the whole region.)

9.      Plaintiff's sales numbers increased year over year.  In FY 2019 (which is May 2018 through April 2019), Plaintiff exceeded his quota substantially—selling 232% of his quota for the year ($4.65M on a $2M quota).  Also in FY 2019, Plaintiff achieved approximately 95% of his managed business objectives ("MBO"), which are goals on top of the sales quota.  Plaintiff's direct supervisor told him that his MBO achievements were the very highest in the West region.

10.     In FY 2020 (calendar 2019), Plaintiff was required to take approximately two months of medical leave due to a diagnosed medical condition.  Also in FY 2020, Plaintiff's sales quota more than doubled from $2M to $4.4M.  Despite being at a disadvantage due to missing 1/6 of the fiscal year, Plaintiff still achieved 82% of his $4.4M quota.  He also completed 100% of two of his three MBOs, and was close to completing the third.

11.     Plaintiff's sales numbers for FY 2019 and FY 2020 were, overall, incredibly strong and were the best sales numbers ever recorded for a RSM BDD in the Pacific Northwest

COMPLAINT - 2

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

region.

12.     In early 2020 (i.e., the end of FY 2020), the COVID-19 pandemic began.  There was concern expressed by RSM executives that the pandemic would lead to a decrease in business.

13.     At approximately the very end of FY 2020, Plaintiff was informed that, due to the potential decrease in business due to COVID-19, his FY 2021 quota would be only $3M (compared to $4.4M from the prior year).  During that same meeting, Plaintiff's supervisor reassured him that everyone would be keeping their jobs.

14.     On May 19, 2020, not even three weeks into the FY, Plaintiff dialed into a phone conference that his supervisor had scheduled the week before so that they could "catch up". When he entered the call, he learned that, in addition to his supervisor, an HR representative was on the call.  He was told that he was being let go.  When Plaintiff asked why, he was told it was due to the current economic conditions.  (Upon information and belief, RSM's business did appreciably not decrease during the pandemic.)

15.     Plaintiff was surprised by the news, as it not only contradicted what his supervisor expressly told just a few weeks earlier, but he had also been told that, because the Pacific Northwest region was doing so well, they were going to hire a second BDD to work along Plaintiff.  When the COVID-19 pandemic began, he was told that the new hire might be delayed a bit, but that RSM still fully intended to add a second BDD to the region.

16.     Plaintiff was 60 years old at the time of the layoff.  One of other BDDs selected for RIF at the same time was 64 years old.

17.     While Plaintiff worked for RSM, there was a pattern of BDDs in the West region that were 60 or older being terminated.

18.     At the time that Plaintiff was selected for RIF, there were younger BDDs that were retained, despite having lower sales numbers than Plaintiff.

19.     After Plaintiff was laid off, RSM reposted the same job.  Upon information and

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

belief, the person hired into Plaintiff's position is younger than him.

20.     RSM later stated in its EEOC Position Statement that it selected Plaintiff for RIF due to "performance ranking in 2019."  In calendar year 2019, Plaintiff took approximately two months of protected medical leave.  RSM's assertion that his performance relative to his peers (who did not take two months of medical leave) was the basis for his termination indicates that his protected medical leave was a negative factor in RSM's assessment of his performance.

21.     Plaintiff has been able to find new employment.  However, the compensation is significantly less than what he was earning at RSM, both in terms of base salary and incentive opportunities.

## V.     FIRST CAUSE OF ACTION:

## AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

22.     Plaintiff realleges and incorporates herein all the allegations of paragraphs 1 through 21.

23.     RSM is an employer as defined by 29 U.S.C. § 630(b).

24.     Plaintiff's age at the time of his termination was 60.

25.     Plaintiff's age was a motivating factor in RSM's decision to terminate him, in violation of the ADEA.

## VI.     SECOND CAUSE OF ACTION:

## RETALIATION AND/OR INTERFERENCE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

26.     Plaintiff realleges and incorporates herein the above allegations of paragraphs 1 through 25.

27.     RSM is an employer as defined by 42 U.S.C. §12111(5).

28.     Plaintiff's medical conditions, diabetes and chronic kidney disease, are disabilities covered under the ADA. 42 U.S.C. § 12102(1).

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

29.     Plaintiff engaged in protected activity by seeking a reasonable accommodation in the form of medical leave.

30.     Defendant retaliated against Plaintiff for engaging in protected activity in violation of 42 U.S.C. § 12203(a).

31.     Defendant interfered with Plaintiff rights under the ADA in violation of 42 U.S.C. § 1203(b).

## VII.     THIRD CAUSE OF ACTION:

## DISABILITY DISCRIMINATION / FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT

32.     Plaintiff realleges and incorporates herein all the allegations of paragraphs 1 through 31.

33.     Defendant discriminated against and failed to provide reasonable accommodations to Plaintiff by using Plaintiff's disability related medical leave as a negative factor when selecting him for layoff.  42 U.S.C. § 12112(a) and (b).

## VIII.     FOURTH CAUSE OF ACTION:

## FAMILY MEDICAL LEAVE ACT (FMLA) – INTERFERENCE (RETALIATION)

34.     Plaintiff realleges and incorporates herein all the allegations of paragraphs 1 through 33.

35.     Plaintiff was eligible for leave under the Family and Medical Leave Act (29 U.S.C. 2601 *et seq.*) ("FMLA leave").

36.     RSM retaliated against Plaintiff for exercising his right to FMLA leave by using his medical leave as a negative performance factor, resulting in the adverse employment action of his termination.  *See* 29 C.F.R. § 825.220(c).

37.     Such conduct by RSM proximately caused Plaintiff to suffer injuries and damages including past and future economic loss and other general compensatory damages in an amount to be proven at trial.

COMPLAINT - 5

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

38.     Plaintiff is entitled to liquidated damages under 29 U.S.C. §2617(a)(1)(A)(iii).

### IX.     FIFTH CAUSE OF ACTION:

### WASHINGTON FAMILY & MEDICAL LEAVE ACT – DISCRIMINATION/RETALIATION

40.     Plaintiff realleges and incorporates herein all the allegations of paragraphs 1 through 38.

41.     RSM's acts and omissions interfered with Plaintiff's rights under Washington's Family & Medical Leave Act, RCW 50A.40.010.

42.     As a result of RSM's unlawful conduct, Plaintiff has accrued economic damages.

43.     RSM's acts and omissions in this regard were willful.

44.     Plaintiff is entitled to damages and liquidated damages.  RCW 50A.40.030.

### X.     SIXTH CAUSE OF ACTION:

### DISCRIMINATION UNDER THE WASHINGTON LAW AGAINST DISCRIMINATION (WLAD) – AGE AND DISABILITY

45.     Plaintiff realleges and incorporates herein the above allegations of paragraphs 1 through 44.

46.     Plaintiff's age was a substantial factor in RSM's decision to select him for layoff, in violation of the WLAD.

47.     Plaintiff's disability was used as a negative performance factor when RSM allowed his disability-related leave to negatively impact its performance assessment of him, resulting in his termination.

48.     Plaintiff has suffered both special and general damages, including a loss to his quality of life, and other general compensatory damages in an amount to be proven at trial.

### V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     Award and entry of judgment in favor of Plaintiff against Defendant, for actual damages, including past and future compensatory, economic and non-economic damages,

COMPLAINT - 6

general and emotional distress damages proximately caused by the wrongful conduct in violation of RCW 49.60 et seq, in violation of the Americans With Disabilities Act; in violation of the Age Discrimination in Employment Act; in violation of the Family Medical Leave Act; and in violation of the Washington Family & Medical Leave Act, plus enhanced damages to offset taxation to make Plaintiff whole, plus pre-judgment interest on liquidated amounts, and costs, litigation expenses and reasonable attorneys' fees as allowed by law, including but not limited to RCW 49.60.030, RCW 50A.40.030, 29 U.S.C. § 626 (b) (incorporating 29 U.S.C. § 216(b)), 42 U.S.C. §12117, 29 U.S.C. § 2617, and 42 U.S.C. 2000e et seq.

B.      Plaintiff seeks punitive damages pursuant to 42 U.S.C. §12117, and 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981(a)(2).

C.      Plaintiff seeks liquidated damages pursuant to 29 U.S.C. § 626 (b) (incorporating 29 U.S.C. § 216(b)).

D.      Award and entry of injunctive relief prohibiting Defendant from engaging in discriminatory and retaliatory practices and requiring Defendant to undertake training and other efforts to eradicate unlawful action in its workforce.

E.      For such other and further relief as the Court deems just and equitable.

DATED: this _6th_ day of May, 2021:

                                        BEAN LAW GROUP

                                        _s/Cody Fenton-Robertson_
                                        Cody Fenton-Robertson (WSBA #47879)
                                        _s/Matthew J. Bean_
                                        Matthew J. Bean (WSBA #23221)
                                        *Attorneys for Plaintiff*

COMPLAINT - 7